UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 16  A 8: 25
U.S. DISTRICT COURT
HARTFORD, CT

CHERYL STEBBINS, ET AL.,

    Plaintiffs,

V.

DONCASTERS, INC.,

    Defendant.

CASE NO. 3:01-CV-1491(RNC)

## RULING AND ORDER

Plaintiffs, former employees of defendant Doncasters, Inc., bring this action under Title I of the American with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., which makes it unlawful for an employer to deprive an individual of an employment opportunity because of a disability. Defendant has moved for summary judgment contending that plaintiffs are not covered by the ADA. [Doc. # 37] The motion is granted.

FACTS

Defendant is in the business of processing metal for the production of jet engine fan blades. The processing requires use of metalworking fluids. Plaintiffs worked at defendant's plant, where they contracted hypersensitivity pneumonitis, a rare respiratory disease. Their treating physicians restricted them from returning to work for varying periods. Defendant had a policy of terminating the employment of any employee absent from work for more than a year for any reason other than approved military leave. Sixteen of the seventeen plaintiffs were

terminated in accordance with this policy.[1]

DISCUSSION

Summary judgment may be granted only if the record, viewed fully and most favorably to the plaintiffs, raises no triable issue of fact, and the defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities . . .."  42 U.S.C. § 12102(2)(A).  An impairment "substantially limits" a major life activity if the person is unable to perform the activity or is significantly restricted as to the condition, manner or duration under which she can perform it compared to the average person in the general population.  29 C.F.R. § 1630.2(j)(1)(i), (ii) (2002).  Examples of "major life activities" are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. § 1630.2(i).

Plaintiffs oppose summary judgment on the ground that their impairment substantially limits them with regard to the major life activity of breathing.  They allege that they have diminished lung capacity and, further, that this diminished lung capacity prevents them from doing things like walking long

---

[1] One plaintiff voluntarily quit after being told by her doctor to avoid a metalworking environment.

distances, climbing stairs, gardening, vacuuming, jogging, and skiing. Plaintiffs' proof, viewed most favorably to them, would permit a jury to find that they have decreased pulmonary function and are moderately limited in the activities just listed. But the evidence would not support a finding that they are substantially limited in the major life activity of breathing.

Plaintiffs also contend that they are substantially limited with regard to the major life activity of working. To qualify for relief on this basis, they must prove that their impairment precludes them from performing a broad range of jobs. Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999). Inability to perform one particular job is not sufficient. 29 C.F.R. § 1630.2(j)(3)(i). On the present record, plaintiffs cannot meet this burden of proof. They have not shown that their training, skills, or abilities limit them to working in the field of metalworking.[2] Nor have they shown that their impairment

---

[2] There is no evidence in the record as to plaintiffs' vocational training, the number or types of jobs available demanding similar training, or the availability of jobs for which they are qualified. See Cowell v. Suffolk County Police Dep't, 158 F.3d 635, 645 (2d Cir. 1998) (specific evidence about the types of jobs from which plaintiffs are disqualified is required); see also Gelabert-Ladenheim v. Am. Airlines, Inc., 252 F.3d 54, 58 (1st Cir. 2001); Duncan v. Washington Met. Area Transit Auth., 240 F.3d 1110, 1115-16 (D.C. Cir. 2001); Webb v. Clyde L. Choate Mental Health & Dev. Ctr., 230 F.3d 991, 998 (7th Cir. 2000).

prevents them from performing a broad range of other jobs.[3] Instead, they rely on instructions from their physicians restricting them from working in a metalworking environment. This alone is insufficient to establish that they are restricted from a broad range of jobs. Cowell v. Suffolk County Police Dep't, 158 F.3d 635, 645 (2d Cir. 1998).

CONCLUSION

Accordingly, the motion for summary judgment is hereby granted and the case is dismissed.

So ordered.

Dated at Hartford, Connecticut this 15th day of March 2004.

_____
Robert N. Chatigny
United States District Judge

---

[3] See Muller v. Costello, 187 F.3d 298, 313 (2d Cir. 1999) (plaintiff who was unable to hold a particular job because of its exposure to environmental irritants was not substantially limited in working); Lewis v. Indep. Sch. Dist. No. I-89, No. 98-6429, 1999 WL 1188818, * 1 (10th Cir. Dec. 10, 1999) (plaintiff with chemical sensitivity was not substantially limited because he presented no evidence that his impairment barred him from working a "broad class of jobs in various classes").